UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA, on
behalf of Arthur Jackson,
Plaintiff-Appellee,

v.

BETTY M. RACEY,                                         No. 96-2023
Defendant-Appellant,

and

JAMES E. MUIR,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
J. Frederick Motz, Chief District Judge.
(CA-95-1798-JFM)

Submitted: April 17, 1997

Decided: May 7, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Ray Ford, Bowie, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Douglas B. Farquhar, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Betty M. Racey appeals from the district court's order, following a bench trial, finding her guilty of violating 42 U.S.C. § 3604(c) (1994), which prohibits the making of any statement, with respect to the sale or rental of a dwelling, that indicates a racial preference or intent to discriminate based on race. On appeal, Racey contends that her statements were merely an expression of her opinion, not commercial speech, and were thus protected by the First Amendment. She also asserts that the statute is overbroad because it could apply to non-commercial speech. Finding no error, we affirm.

Racey, who lives in a suburb of Washington, D.C., sought to rent a room in the basement of her home, and she placed an advertisement in The Washington Post. The advertisement did not contain a suggestion of an intent to discriminate. Arthur Jackson, who is black, called Racey to respond to the ad. When Jackson informed Racey that he was black, she told him that she would not rent to blacks. The district court found that while Racey's refusal to rent to blacks was not actionable,[1] her discriminatory statements violated § 3604(c).

We find Racey's assertion that her statements to Jackson were not commercial unpersuasive. While Racey did not explicitly propose a commercial transaction in the conversation itself, the purpose of Jackson's call was to respond to Racey's offer to rent property. Therefore, we find that the statements were made in the context of a potential commercial transaction.

Since Racey's comments fall within the realm of commercial speech, we must balance the First Amendment interests at stake

_____

[1] 42 U.S.C. § 3603(b) (1994) creates an exception for single-family houses rented by the owner-occupant.

2

against the public interest served by the statute. See Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of New York , 447 U.S. 557, 564 (1980); Bigelow v. Virginia, 421 U.S. 809, 822-26 (1975). We find that the public has an important interest in preventing discrimination in housing. Moreover, even though the owner of "an exempted dwelling is free to indulge his discriminatory preferences in selling or renting that dwelling, neither the[Fair Housing] Act nor the Constitution gives him a right to publicize his intent to so discriminate." United States v. Hunter, 459 F.2d 205, 213 (4th Cir. 1972). Allowing discriminatory statements such as those here would undermine the purposes of the Fair Housing Act[2]  and would deter minorities from exercising their rights to fair housing. We further find that the statute here is narrowly tailored to accomplish this purpose. Racey's claims concerning overbreadth are unfounded since only aggrieved persons (i.e., persons who have been discriminated against in obtaining housing) can recover under the statute.

We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED
_____
[2] 42 U.S.C. §§ 3601-3631 (1994).

3